SILBERMAN, Judge.
John Clark Daniels appeals his sentences in six cases[1] for crimes committed in 2001 and 2002, following his open, no contest plea and the trial court’s denial of his motion for a downward departure sentence. Because the trial court incorrectly concluded that it did not have the ability to grant a downward departure in sentencing Daniels, we reverse the sentences and remand for resentencing.
Section 921.0016(4)(d), Florida Statutes (2001 & 2002),[2] provides that the mitigating circumstances under which a departure sentence is reasonably justified - includes when “[t]he defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.” At the hearing on his motion for downward departure, Daniels presented the testimony of Dr. Michael Greenberg, a licensed psychologist, to address this mitigator.
Dr. Greenberg testified that Daniels exhibited symptoms that were consistent with serious mental health problems. He noted that as a child, Daniels had received mental health treatment in a hospital or facility. After evaluating Daniels, Dr. Greenberg concluded that Daniels suffered from “poly substance dependence, schi-zoaffective disorder, bipolar type. He reported a history of being abused as a child, physically and sexually, if you will, by his report, as well as personality disorder not otherwise specified.” Dr. Greenberg opined that Daniels,was amenable to treatment, and he “didn’t .see any indications that his mental health problems were either under control or being treated.”
Dr. Greenberg further testified that Daniels needed to see a psychiatrist and undergo “extensive substance abuse treatment, counselling and therapy for people who have been reportedly victims of child abuse, extensive dual diagnosis treatment.” He recommended that Daniels receive specialized mental health treatment. The treatment would not be short-term but would be a minimum of one year or more. Dr. Greenberg noted that Daniels’ jail records reflect “all sorts of bizarre behavior” and are “filled with severe problems.” He was skeptical that Daniels would receive appropriate psychiatric treatment while incarcerated. Daniels needed antipsychotic medication, and none of the records or statements indicated that Daniels had received such medication while incarcerated.
At the conclusion of the evidence, the trial court stated:
Having considered the testimony of the doctor and of the defendant and review of the doctor’s reports and of the record, it is this Court’s decision that I cannot depart from the guidelines. The legislature has indicated those factors that the Court can consider as ■ reasons for departing downward. One of the things the legislature has said is that I cannot *222 consider his substance abuse. So I can’t consider that. The only recommended treatment that we have right now is that he go into substance abuse treatment. There is no other basis. And I don’t see any reasons, any other reasons under the statute to depart downward from the guidelines.
(Emphasis added.)
When deciding whether to depart from the sentencing guidelines under section 921.0016, the trial court must first “determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it.” Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). This issue involves a mixed question of law and fact, and the court’s decision “will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling.” Id. If the trial court determines that it can depart, then it “must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case.” Id. at 1068. This aspect of the trial court’s decision is reviewed for abuse of discretion. Id.
Here, the trial court never reached the second prong of the test. Instead, the court concluded that under the first prong there was no legal basis for departure because the only recommended treatment was substance abuse treatment. This conclusion is contrary to Dr. Greenberg’s testimony, which was the sole testimony presented concerning diagnosis and recommended treatment. Dr. Greenberg specifically testified regarding his dual diagnosis of mental disorder as well as substance abuse, and he opined that Daniels needed psychiatric treatment. The trial court did not state that Daniels failed to sustain his burden under section 921.006(4)(d), and it did not comment on the sufficiency of the evidence or indicate that it rejected any portion of Dr. Green-berg’s testimony. Rather, the court incorrectly stated that the only recommended treatment was substance abuse treatment.
The record evidence suggests that Daniels has a mental health diagnosis of schi-zoaffective disorder, bipolar type, that requires treatment separate from substance abuse treatment. Because it appears that the trial court misapprehended the evidence to conclude that it lacked the authority to depart from the sentencing guidelines, we reverse Daniels’ sentences and remand for resentencing. On remand, the trial court shall reconsider the motion for departure sentence in light of the evidence and this opinion. The parties may present additional evidence on this issue to address Daniels’ current status. Our opinion shall not be construed as requiring a particular disposition of Daniels’ motion; instead, the trial court must reconsider the motion because its statement that only substance abuse treatment had been recommended is contrary to the evidence.
Reversed and remanded for resentenc-ing.
DAVIS and COVINGTON, JJ., Concur.

. The trial court case numbers are 01-4124, 01-4125, 01-4946, 02-2300, 02-3748, and 02-3807.

. The pertinent provisions of section 921.0016(4)(d) are identical in the 2001 and 2002 statutes.