KHOUZAM, Judge.
 

 Domonic Chavez Torres appeals the sentences imposed by the trial court in two cases following his guilty pleas to two counts of armed burglary of a structure, six counts of robbery with a weapon, seven counts of armed false imprisonment, and attempted robbery with a weapon. The State concedes that the court erred in determining that it could not find a legal basis to sentence Torres differently from one of his codefendants. We agree and reverse and remand for resentencing.
 

 Torres and his codefendant Brian Cue-vas were charged in connection with the armed robberies of two spas in Hillsbor-ough County, Florida. Cuevas pleaded guilty and was sentenced to 312.75 months in prison. At sentencing, Torres sought either a youthful offender sentence or a downward departure sentence. Torres presented testimony that he suffered from dysthymia or chronic low-grade depression, that he was amenable to psychotherapy, and that the prison system did not provide such psychotherapy.
 
 See
 
 § 921.0026(2)(d), Fla. Stat. (2006) (allowing a downward departure where “[t]he defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment”). Torres also presented evidence of his cooperation with law enforcement.
 
 See
 
 § 921.0026(2)(i) (allowing a downward departure where “[t]he defendant cooperated with the state to resolve the current offense or any other offense”).
 

 Despite the evidence presented by Torres, the trial court stated that it could not “find a legal basis to sentence this young man differently than to sentence Mr. Cue-vas.” The court sentenced Torres to concurrent terms of twenty-six years in prison on the armed burglary of a structure and robbery with a weapon charges and fifteen years in prison on the armed false imprisonment and attempted robbery with a weapon charges.
 

 The State concedes that the court was mistaken in its belief that it could not legally impose a youthful offender sentence or a downward departure sentence. We are unable to determine from the record whether the court would have imposed the same sentences if it had understood
 
 *1283
 
 that it had the discretion to sentence Torres differently from Cuevas. Therefore, we reverse Torres’s sentences and remand to the trial court for resentencing.
 
 See Hines v. State,
 
 817 So.2d 964, 965 (Fla. 2d DCA 2002) (reversing and remanding for resentencing where trial court sentenced defendant “under a misconception about its discretion in sentencing”). On resen-tencing, the court is authorized to exercise its discretion in determining whether to impose either a youthful offender sentence, a downward departure sentence, or the same sentence.
 

 Reversed and remanded for resentenc-ing.
 

 WALLACE and MORRIS, JJ., Concur.