WALLACE, Judge.
Metro Butner appeals his judgment and sentences following a jury trial. We affirm the judgment, but we reverse two of the sentences and remand for resentencing.
I. BACKGROUND
Mr. Butner was charged in a three-count information. A jury convicted Mr. Butner on count one, attempted second-degree murder, section 782.04, Florida Statutes (2012); on count two, aggravated assault with a firearm, section 784.021, Florida Statutes (2012); and on count three, shooting within a building, section 790.19, Florida Statutes (2012). The trial court adjudged him to be guilty in accordance with the jury’s verdict and sentenced him to twenty-five years’ prison for count one; to twenty years’ prison for count two; and to fifteen years’ prison for count three. The sentences on counts one and two were imposed as mandatory minimums. The trial court designated the sentences for all three counts to run consecutively. All three offenses arose out of an incident where Mr. Butner struggled with the victim and the victim was shot in the head.
II. DISCUSSION
On appeal, Mr. Butner raises three points. First, Mr. Butner argues that the trial court erred by denying Mr. Butner’s motion for a judgment of acquittal on count three. Second, he argues that the trial court erred in failing to read a self-defense jury instruction. Third, he argues that the trial court erred in designating the sentences on count one and count two to run consecutively. Mr. Butner’s first and second arguments are without merit and do not warrant further discussion. Mr. Butner’s third point has merit. Thus, we reverse the sentences on counts one and two and remand to the trial court for resentencing.
Mr. Butner argues that the trial court erred in designating the sentences on counts one and two to run consecutively because the trial court erroneously believed that section 775.087(2)(d), 'Florida Statutes (2012), required that result.[1] We review this issue de novo. Williams v. State, 186 So.3d 989, 991 (Fla. 2016) (quoting Johnson v. State, 78 So.3d 1305, 1310 (Fla. 2012)), ‘When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.” Bennett v. St. Vincent’s Med. Ctr., Inc., 71 So.3d 828, 838 (Fla. 2011) (quoting Fla. Birth-Related Neurological Injury Comp. Ass’n v. Dep’t of Admin. Hearings, 29 So.3d 992, 997 (Fla. 2010)).
In this case, the language of section 775.087(2)(d) is clear. Both offenses were qualified felonies under section 775.087(2)(a).[2] The Florida Supreme Court explained in Williams:
*1164 As written, paragraph (2)(d) contemplates two distinct imprisonment terms: a term imposed for a qualifying felony pursuant to subsection (2), and a term imposed for a non-qualifying felony. The last sentence of paragraph (2)(d) ... expressly mandates only that a qualifying felony sentence run “consecutively to” any sentence imposed for a non-qualifying felony. Nothing within paragraph (2)(d)’s plain language also requires, as the State posits, a qualifying felony sentence to run consecutively to another qualifying felony sentence.
Furthermore, at no point since its inception in the past sixteen years have we interpreted paragraph (2)(d) to mandate the imposition of consecutive sentences for the qualifying felonies. See [State v. Sousa, 903 So.2d 928, 927 (Fla. 2005) ]. ...
[[Image here]]
Thus, we concluded that paragraph (2)(d) did not attenuate trial judges’ authority to impose consecutive mandatory minimum sentences for firearm offenses.
186 So.3d at 992-93 (emphasis added).
A trial court must impose the mandatory minimum sentences concurrently when the offenses arose from the same criminal episode and a firearm was not discharged. See Walton v. State, 208 So.3d 60, 64 (Fla. 2016) (citing Williams with approval). However, a trial court has the discretion to impose the sentences consecutively when the offenses are committed contemporaneously, a firearm was discharged, and the defendant “injures multiple victims or causes multiple injuries to one victim.” Valentin v. State, 963 So.2d 317, 319-20 (Fla. 5th DCA 2007) (citations omitted); see also State v. Sousa, 903 So.2d 923, 925-26 (Fla. 2005); State v. Christian, 692 So.2d 889, 890-91 (Fla. 1997); State v. Thomas, 487 So.2d 1043, 1044-45 (Fla. 1986); Scott v. State, 42 So.3d 923, 925 (Fla. 2d DCA 2010). When it is unclear from the record whether the trial court would have imposed the same sentence if the trial court had known it had discretion, we must vacate the defendant’s sentence and remand the case for resentencing. Cf. Kezal v. State, 42 So.3d 252, 256 (Fla. 2d DCA 2010) (vacating the defendant’s sentences and remanding for resentencing because this court was “unable to determine from our review of the record whether the circuit court would have imposed the same sentences if it had understood that it had the discretion to depart under [section 921.0026(2)(j), Florida Statutes (2005)] upon proof of each element of that subsection”).
At the sentencing hearing in this case, the trial court expressly noted that Mr. Butner had the right to file a motion to correct his sentences within thirty days. Then, the trial court stated, “I will certainly grant [the motion] if I have to. This is not the sentence that if I had discretion I would not [sic] impose for his age[3] or any other reason—a 60-year sentence in this case.” See Fla. R. Crim. P. 3.800(b)(1) (“During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error.”). Based on the record here, it is clear that the trial court would not have imposed consecutive sentences if it had understood that it had discretion under section 775.087(2)(d) to impose the sentences concurrently. For this reason, we vacate Mr. Butner’s sentences on counts one and two and remand for resentencing on those counts. See Kezal, 42 So.3d at 256. Mr. Butner shall be entitled to be present at the resentencing hearing. In all other respects, we affirm the judgment and sentences.
*1165 Affirmed in part, reversed in part, and remanded.
NORTHCUTT and BLACK, JJ., Concur.

. At the sentencing hearing, defense counsel expressly objected to the trial court's proposal to run the sentences on counts one and. two consecutively.

. A qualifying felony is a felony that is explicitly listed in subsection (2) of section 775.087. Williams, 186 So.3d at 992-93. We note that, effective July 1, 2016, aggravated assault was deleted from the list of qualifying felonies in subsection (2). Ch. 2016-7, § 1, at 1,-Laws of Fla.; see also § 775.087(2)(a)(l), Fla. Stat. (2016). However, Mr. Butner committed the offenses on March 2, 2013, and the version of section 775.087 effective at that time listed aggravated assault as a qualifying felony pursuant to subsection (2). § 775.087(2)(a)(l)(f), Fla. Stat. (2012).

. Mr. Burner was seventy-six years old at the tíme of the sentencing hearing.