NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARIA CONSUELO HIRALDO,　　　　　)
DOC #H52613,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Appellant,　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　　Case No.  2D18-1678
　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Appellee.　　　　　　)
_____)

Opinion filed April 24, 2019.

Appeal from the Circuit Court for Polk
County; Keith P. Spoto, Judge.

Howard L. Dimmig, II, Public Defender, and
Daniel Muller, Assistant Public Defender,
Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, Bilal Ahmed Faruqui, Assistant
Attorney General, Tampa, and Allison C.
Heim, Assistant Attorney General, Tampa
(substituted as counsel of record) for
Appellee.


SILBERMAN, Judge.

　　　　　Maria Consuelo Hiraldo seeks review of the sentences the trial court

imposed after she entered an open plea to burglary of a dwelling and grand theft.

Hiraldo argues that the court erred in determining that she failed to establish a legal basis to impose a downward departure sentence based on her need for specialized treatment for a mental disorder. We agree and reverse.

Section 921.0026(2)(d), Florida Statutes (2016), provides for a departure from the lowest permissible sentence under the Criminal Punishment Code[1] when "[t]he defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment." Hiraldo claimed that she suffers from and requires specialized treatment for bipolar disorder. The trial court indicated an inclination to impose a downward departure sentence, but it ultimately concluded that Hiraldo did not meet the legal criteria in section 921.0026(2)(d) and imposed the lowest permissible sentence. The court accepted the State's argument that Hiraldo's bipolar disorder had a substance abuse component and was therefore not "a mental disorder that is unrelated to substance abuse or addiction." See id.

We review this ruling for competent, substantial evidence. See Camacho v. State, 164 So. 3d 45, 48 (Fla. 2d DCA 2015). Hiraldo presented testimony from her licensed mental health counselor that she had previously been diagnosed as bipolar and was treated for that disorder in addition to a substance abuse disorder. The counselor said that Hiraldo had been prescribed medications for her bipolar disorder and that he monitored the medications and worked to provide her coping skills for that disorder. The counselor did not testify that Hiraldo had been prescribed any medications for her substance abuse disorder.

---

[1]See §§ 921.002-.244.

- 2 -

The counselor believed Hiraldo had made substantial improvements with her bipolar disorder in that she had been regulating her emotions much better. He also said she made substantial improvements with her substance abuse disorder in that she had been clean for a year. The counselor believed that sending Hiraldo to jail or prison would make it more difficult to monitor her bipolar medication and to treat both her bipolar disorder and drug addiction. He thought the treatment he was providing was best for her.

We conclude that the trial court misconstrued the evidence when it accepted the State's argument that Hiraldo's bipolar disorder had a substance abuse component. Hiraldo's counselor made it clear that Hiraldo was being treated for two disorders: bipolar disorder and substance abuse disorder. And Hiraldo's treatment for the two disorders was different in that she was taking medication only for the bipolar disorder. The goals of the treatments were also different: Hiraldo's improvements for her bipolar disorder were measured by her ability to regulate her emotions, and her improvements for her substance abuse disorder were measured by her ability to stay clean.

Thus, the trial court's ruling was not supported by competent, substantial evidence. See Daniels v. State, 884 So. 2d 220, 222 (Fla. 2d DCA 2004) (holding that the trial court erred in finding it did not have a legal basis to depart based on the need for specialized treatment when the evidence established that the defendant's mental disorder required treatment separate from his substance abuse treatment). Accordingly, we reverse Hiraldo's sentences and remand for the trial court to reconsider

Hiraldo's request for a downward departure.[2]  On remand, the parties should be

permitted to present additional evidence to establish Hiraldo's current status.  See id.

Reversed and remanded.


KELLY and VILLANTI, JJ., Concur.

---

[2]We express no opinion as to whether Hiraldo's mental condition merits a downward departure.