# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

ELISEO SOTO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D22-1764

_____

January 19, 2024

Appeal from the Circuit Court for Hillsborough County; Robin F. Fuson,
Judge.

Wade M. Whidden of Whidden Johnson, P.L., Tampa, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Natalia Reyna-
Pimiento, Assistant Attorney General, Tampa, for Appellee.

BLACK, Judge.

Eliseo Soto appeals from his judgment and sentence for sexual
battery. On the issues preserved and raised by Soto, we affirm his
conviction but reverse his sentence.

Soto raises two sentence-related issues, one of which requires
reversal. The supreme court has stated that "consideration . . . of the

defendant's failure to accept responsibility" is not foreclosed by the statutory sentencing scheme. *Davis v. State*, 332 So. 3d 970, 975 (Fla. 2021). Thus we cannot conclude, as Soto urges, that fundamental error occurred where the trial court considered and commented upon Soto's failure to accept responsibility for the crime. However, we agree with Soto that reversal of his sentence is required where the trial court failed to apply the correct framework in considering Soto's request for a downward departure sentence.

Although none of the statutory mitigating factors applied to Soto, he asked that the court consider nonstatutory mitigators and downward depart from 94.5 months in prison, the lowest permissible sentence indicated on his scoresheet. Soto submitted evidence in support of his request. In imposing sentence, the court stated:

> So, my hands are pretty much tied by the fact that he was found guilty, and his score sheet, his criminal punishment score sheet, does not offer me an opportunity to go below guidelines if I wanted. And there [has] been certainly nothing really brought forward today that would be a legal justification to go below guidelines. So, having said that, I'm going to adjudicate him guilty and sentence him to 94.5 months in the Florida State Prison, followed by eight years of sex offender probation.[1]

"Generally, we review an order on a motion for downward departure for an abuse of discretion. 'But because the issue here revolves around the trial court's applying an incorrect standard in determining whether to exercise its discretion, we apply a de novo standard of review.' " *White v. State*, 350 So. 3d 401, 403 (Fla. 2d DCA 2022) (first citing *Banks v. State*, 732 So. 2d 1065, 1068 (Fla. 1999); and then quoting *Barnhill v. State*,

---

[1] Although the court initially pronounced eight years of sex offender probation, it quickly revised its pronouncement to a seven-year term of probation.

2

140 So. 3d 1055, 1060-61 (Fla. 2d DCA 2014)). As this court has recognized, "[t]he analytical framework a trial court must follow in considering a request for a downward departure from the sentencing guidelines is well established." *Kezal v. State*, 42 So. 3d 252, 254 (Fla. 2d DCA 2010).

> First, the court must determine whether it *can* depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). . . .

> Second, where the step 1 requirements are met, the trial court further must determine whether it *should* depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case.

*White*, 350 So. 3d at 403 (quoting *Banks*, 732 So. 2d at 1067-68). Where the trial court erroneously believes that it legally does not have the discretion to depart, the reviewing court must reverse the sentence. *Kezal*, 42 So. 3d at 254.

The court's statements that its hands were tied and that Soto's scoresheet prevented the court from departing establish that the court mistakenly believed it could not depart. The court's next statement, that there was "nothing really brought forward . . . that would be a legal justification" to depart, is unclear and does not cure the misconception evinced by the first statements. *See Williams v. State*, 286 So. 3d 892, 898 (Fla. 2d DCA 2019) (reversing a sentence based on the uncertainty as how the trial court reached its conclusion where it was "possible that the trial court, instead of determining that it could not depart, determined that it could depart but decided in its discretion not to depart and simply stated it unclearly"); *Childers v. State*, 171 So. 3d 170, 173 (Fla. 1st DCA 2015) ("Although th[e court's] latter statement provides an indication that the court found that Appellant failed to present sufficient

3

evidence of the necessary elements under [the statutory mitigating factors], we cannot say for certain based upon the court's other statements . . . . It is unclear whether the trial court rejected Appellant's request for a downward departure sentence based upon a misconception as to its authority to depart . . . or based upon a finding that Appellant failed to present sufficient evidence to support a departure sentence under the statute."); *see also Camacho v. State*, 164 So. 3d 45, 48 (Fla. 2d DCA 2015) (expressing uncertainty as to the basis of the trial court's ruling and reversing the sentence, stating that "[b]ased on the court's limited ruling, we are inclined to believe that the trial court erroneously concluded that it did not have the authority to reach the discretionary decision in step two [of the *Banks*' framework]").

We affirm Soto's conviction without prejudice to any right he may have to file a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850 or a petition pursuant to Florida Rule of Appellate Procedure 9.141(d). We reverse Soto's sentence and remand for a new sentencing hearing.

Affirmed in part; reversed in part; remanded.

SILBERMAN and MORRIS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.