# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

PETER MANYAK,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1558

_____

January 31, 2025

Appeal from the Circuit Court for Sarasota County; Dana Moss, Judge.

J. Andrew Crawford of J. Andrew Crawford, P.A., St. Petersburg, for Appellant.

John M. Guard, Acting Attorney General, Tallahassee, and James A. Hellickson, Assistant Attorney General, Tampa, for Appellee.

SMITH, Judge.

Peter Manyak appeals the judgment and sentences of forty concurrent forty-five-year terms in prison followed by ten years' sex offender probation rendered after he pleaded no contest to forty counts of possession of child pornography. We find merit in the first of the two issues raised in this appeal.

Mr. Manyak moved for a downward departure arguing that he requires specialized treatment for a mental disorder. *See* § 921.0026(2)(d), Fla. Stat. (2023) ("The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment."). At the sentencing hearing, Mr. Manyak presented evidence from family members and a psychologist. At the conclusion of the hearing, the trial court pronounced, without further explanation, "I don't find there's a valid basis for the downward departure."

In determining whether to depart from the sentencing guidelines, a trial court must engage in a two-step process:

> First, the court must determine whether it *can* depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). Legal grounds are set forth in case law and statute, and facts supporting the ground must be proved at trial by "a preponderance of the evidence." This aspect of the court's decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight.

> Second, where the step 1 requirements are met, the trial court further must determine whether it *should* depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case. In making this determination (step 2), the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors. This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion. Discretion is abused only where no reasonable person would agree with the trial court's decision.

*Banks v. State*, 732 So. 2d 1065, 1067-68 (Fla. 1999) (footnotes omitted).

In the instant case, it is unclear from the trial court's pronouncement of its ruling denying the motion whether the court rejected Mr. Manyak's request for downward departure based upon an erroneous conclusion that it lacked the authority to depart, an insufficiency of the evidence presented, or the exercise of trial court's discretion not to depart. Accordingly, we remand for the trial court to apply the *Banks* two-step analysis. *See Williams v. State*, 286 So. 3d 892, 898 (Fla. 2d DCA 2019) (reversing sentences and remanding "for the trial court to reevaluate the evidence and apply the correct two-step analysis" in *Banks*); *Camacho v. State*, 164 So. 3d 45, 48 (Fla. 2d DCA 2015) (vacating sentences and remanding for resentencing where we were "uncertain whether the trial court's ruling was based on a rejection of some of the expert's opinions or whether it made a legal error by concluding that no legal basis for a departure existed because there was evidence of substance abuse"). Findings as to each step of the *Banks* analysis would assist in our appellate review. We note that the record is sufficient to resolve these issues without a new sentencing hearing. "We leave it to the discretion of the trial court, after consulting with counsel, to decide whether it should conduct a completely new sentencing hearing or whether it can rule on the record already before it." *Camacho*, 164 So. 3d at 49. We affirm the judgment in all respects.

Affirmed in part, vacated in part, and remanded with instructions.

MORRIS and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.