# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

RODNEY ALLEN DAWSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1231
_____

February 11, 2026

Appeal from the Circuit Court for Hillsborough County; Michael Williams, Judge.

Blair Allen, Public Defender, and Joanna Beth Conner, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Analise V. Walker, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Rodney Allen Dawson appeals his judgment and sentence for one count of sexual battery and one count of kidnapping for events that took place in August 1994. Following a jury trial, the trial court sentenced Mr. Dawson to 126 months' imprisonment followed by fifteen years' probation on the kidnapping charge and 126 months' imprisonment

followed by fifty-four months' probation on the sexual battery count, to run concurrently.

Prior to sentencing, Mr. Dawson moved for a downward departure contending that he required specialized treatment for addiction, mental disorder, or physical disability. *See* § 921.0016(4)(d), Fla. Stat. (1994). He also argued for a youthful offender sentence under section 921.0016(4)(l) and section 958.04(2), Florida Statutes (1994), on the basis that he was nineteen at the time of the offenses. At the sentencing hearing, Mr. Dawson presented testimony from a licensed mental health counselor who had previously evaluated Mr. Dawson.

At the conclusion of the hearing, the trial court noted that the case was a "different situation in that it's a 1994 case, different guidelines, different statutes in effect at the time" and that because the case was twenty-six years old, the trial court could "look at [Mr. Dawson's] body of work" since the time of the offenses. The trial court then went on to pronounce, without further explanation, Mr. Dawson's sentence as follows:

> I'm going to start with count two, which is the kidnapping charge. I'm going to adjudicate you guilty, sentence you to 126 months' prison, followed by 15 years of probation.

> On count one, I'm going to sentence you to 126 months' Florida State Prison, followed by 54 months of probation.

Mr. Dawson now appeals that judgment and sentence, arguing that the trial court erred by denying his motion for downward departure. When ruling on a motion for downward departure, the trial court must engage in a two-step process:

> First, the court must determine whether it *can* depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). Legal grounds are set forth in case law and statute,

2

and facts supporting the ground must be proved at trial by "a preponderance of the evidence." This aspect of the court's decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight.

Second, where the step 1 requirements are met, the trial court further must determine whether it *should* depart, i.e., whether departure is indeed the best sentencing option for the defendant DCA in the pending case. In making this determination (step 2), the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors. This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion. Discretion is abused only where no reasonable person would agree with the trial court's decision.

*Banks v. State*, 732 So. 2d 1065, 1067–68 (Fla. 1999) (footnotes omitted).

In the instant case, the trial court did not address Mr. Dawson's downward departure motion during its oral pronouncement, and it is otherwise unclear from the pronouncement whether the trial court rejected Mr. Dawson's motion because it believed it did not have the authority to depart, or if the trial court rejected any of the expert's opinions and found the evidence insufficient to support a departure, or whether the trial court determined a legal basis for departure had been established but exercised its discretion not to depart. "This court and others have reversed where a trial court's statements are unclear as to whether it was rejecting a defendant's factual basis or whether the defendant had established a factual basis but the trial court was exercising its discretion not to depart." *Geske v. State*, 378 So. 3d 1199, 1205 (Fla. 2d DCA 2024). And the record in this case is not one that otherwise provides the necessary clarity to conclude that the trial court

3

would have imposed the same sentence even if it had understood that it the authority to depart. *See Butner v. State*, 217 So. 3d 1162, 1164 (Fla. 2d DCA 2017) ("When it is unclear from the record whether the trial court would have imposed the same sentence if the trial court had known it had discretion, we must vacate the defendant's sentence and remand the case for resentencing.").

Accordingly, we reverse Mr. Dawson's sentences and remand for the trial court to apply the *Banks* two-step analysis and make any necessary findings. *See Williams v. State*, 286 So. 3d 892, 898 (Fla. 2d DCA 2019) ("It is possible that the trial court, instead of determining that it could not depart, determined that it could depart but decided in its discretion not to depart and simply stated it unclearly. Because of this uncertainty, we are compelled to reverse the sentences."); *Camacho v. State*, 164 So. 3d 45, 48 (Fla. 2d DCA 2015) ("[W]e are unable to determine from the record whether the circuit court would have imposed the same sentence if it had understood that it had authority to depart. We must therefore vacate Mr. Camacho's sentences and remand for resentencing."). As our court has done on previous occasions, we note that providing findings as to each step of the *Banks* analysis would assist in our appellate review. *See, e.g.*, *Manyak v. State*, 414 So. 3d 263, 265 (Fla. 2d DCA 2025), *reh'g denied* (Apr. 7, 2025); *Williams*, 286 So. 3d at 898 ("If the trial court is rejecting evidence as not credible or reliable and finding insufficient factual support for a valid legal ground for departure when it at the same time praises the witness, additional findings indicating what evidence was rejected would assist in our appellate review."); *Camacho*, 164 So. 3d at 46 ("[I]t is very helpful for the trial court to explain on the record the precise basis for a decision to depart or not to depart from the guidelines when sentencing.").

4

The record in this case is likely sufficient for the trial court to resolve these issues on remand.  However, "[w]e leave it to the discretion of the trial court, after consulting with counsel, to decide whether it should conduct a completely new sentencing hearing or whether it can rule on the record already before it."  *Manyak*, 414 So. 3d at 265 (quoting *Camacho*, 164 So. 3d at 49).  Because Mr. Dawson has not challenged his convictions, they are not affected by this opinion.

Affirmed in part, reversed in part, and remanded.

LUCAS, C.J., and VILLANTI and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.