817 So.2d 964 (2002)
Clyde HINES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3129.
District Court of Appeal of Florida, Second District.
May 29, 2002.
James Marion Moorman, Public Defender, and Andrea S. Manthorne, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
*965 PARKER, Judge.
Clyde Hines appeals his conviction and sentence for felony battery. We affirm Hines's conviction without further comment. However, because the trial court misconstrued its authority to consider a downward departure sentence, we reverse Hines's sentence and remand for reconsideration.
This case arose out of a fight between Hines and his girlfriend, Linda Jackson. At trial, Hines contended that he had acted in self-defense when he hit Jackson because she had been approaching him with a butcher knife in her hand. In convicting Hines, the jury rejected his claim of self-defense.
At sentencing, Hines sought a downward departure sentence based on Jackson's conduct as an initiator, willing participant, aggressor, or provoker of the incident. See § 921.0016(4)(f), Fla. Stat. (2000) (allowing the trial court to depart downward if the victim is an initiator, willing participant, aggressor, or provoker of the incident in question). The trial court apparently believed that it was not allowed to consider the evidence of Jackson's conduct because the jury had rejected Hines's self-defense argument. On the record, the trial court stated:
The only possible reason for departure would be that the victim was the initiator. But, you know, the jury rejected that in rejecting the, in essence rejected that in rejecting the self-defense theory.
. . . .
The State's requesting 60 months, and in terms of mitigation, I'm going to sentence him to the bottom of the guidelines because of all of the factors in mitigation, but I don't think that legally, based on the facts of this case, that I can depart below the guidelines.
The court then sentenced Hines to 42.9 months in prison, the lowest possible guidelines sentence.
Conduct that is legally insufficient to excuse the defendant's actions may nevertheless be legally sufficient to warrant a downward departure sentence. See, e.g., State v. Rife, 789 So.2d 288, 296 (Fla. 2001) (allowing the trial court to impose a downward departure sentence in a statutory rape case based on the victim as a willing participant despite the fact that consent is not a legal defense to the crime); State v. Tai Van Le, 553 So.2d 258, 259 (Fla. 2d DCA 1989) (affirming a downward departure sentence in a murder case based on the victim as the aggressor despite the fact that the jury apparently rejected the defendant's claim of self-defense); State v. Mathis, 541 So.2d 744, 745 (Fla. 3d DCA 1989) (affirming a downward departure sentence in an aggravated battery case because the victim provoked the defendant). While a trial court may not make factual findings at sentencing that conflict with the jury's verdict, the trial court may consider facts in imposing a sentence that would not be sufficient to negate or excuse the crime. Rife, 789 So.2d at 293.
Here, the trial court's statements make it clear that the trial court believed that it could not depart downward based on the jury's interpretation of Jackson's conduct. However, because the trial court can mitigate a sentence based on conduct that is not sufficient to excuse the crime, the trial court sentenced Hines under a misconception about its discretion in sentencing. It is not clear from the record whether the trial court would have imposed the same sentence if it had understood that it had the discretion to depart. Therefore, we reverse Hines's sentence and remand for the trial court to reconsider *966 the sentence in light of its discretion to depart if the facts so warrant.
Conviction affirmed; sentence reversed and remanded for further proceedings.
CASANUEVA and STRINGER, JJ., Concur.