872 So.2d 395 (2004)
Mario M. McCORVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-3033.
District Court of Appeal of Florida, First District.
April 30, 2004.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General; Karen Armstrong, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct appeal of a sentence imposed following revocation of community control, the appellant claims that the trial court erred when it sentenced him to the lowest permissible sentence under the Criminal Punishment Code after expressing the erroneous belief that it could not consider as reasons for a downward departure any factors that were not specifically enumerated in section 921.0026, Florida Statutes (2003). The appellant is correct; *396 the statutory mitigating circumstances are not exclusive. See § 921.0026(2), Fla. Stat. (2003); see also e.g., State v. VanBebber, 848 So.2d 1046, 1048 (Fla.2003); State v. Tyrrell, 807 So.2d 122, 125 (Fla. 5th DCA 2002).
We do not reach the question of whether the non-statutory reasons proffered by the appellant would have been sufficient to support a downward departure. Nonetheless, the trial court sentenced the appellant "under a misconception about its discretion in sentencing." Hines v. State, 817 So.2d 964, 965-66 (Fla. 2d DCA 2002). Because we are unable to determine from this record whether the trial court would have imposed a downward departure if it understood that it was allowed to consider non-statutory factors, we reverse the appellant's sentence and "remand for the trial court to reconsider the sentence in light of its discretion to depart if the facts so warrant." Id.
BARFIELD, DAVIS and BENTON, JJ., concur.