DAVIS, Judge.
The State challenges the downward departure sentence that was imposed following James Grant’s entry of an open no contest plea to sale or delivery of cocaine. Because we agree with the State that the downward departure was improper, we reverse.
The offense of sale or delivery of cocaine was committed during an undercover drug sting operation; the buyer was an undercover officer. At the sentencing hearing, defense counsel argued that Grant was entitled to a downward departure sentence because the undercover officer was “an initiator, willing participant, aggressor, or provoker of the incident” pursuant to section 921.0026(2)©, Florida Statutes (2002).
The trial court reluctantly agreed, stating: “All right. I’ll — although I don’t really think that, if the State appeals it, I don’t think it’s going to stand up, but I guess we ought to find out. I’ll accept [defense counsel’s] argument and agree to a downward departure based on the State being the initiator.”
As argued by the State at the sentencing hearing, while it is reasonable to depart downward in those cases in which there is a readily identifiable individual who can be considered the victim, it is not reasonable to depart where there is no readily identifiable victim. Black’s Law Dictionary (8th ed.2004) defines the word *322 victim as follows: “A person harmed by a crime, tort, or other wrong.” While the undercover officer here was a readily identifiable individual, he could not be considered a “victim” because he was not harmed by the offense. If anything, the broad, generic term “society” would best describe the victim here. However, we do not believe that the legislature intended, when it created a mitigator for victim initiation, to include law enforcement and society in the definition of “victim” so as to allow courts to depart downward in undercover drug operations. Because there was no specific, identifiable individual who could be considered the victim, we conclude that it was improper to depart downward on the grounds that the victim was the initiator.
Finally, despite Grant’s arguments to the contrary, we are not persuaded that State v. Rife, 789 So.2d 288 (Fla.2001), or Hines v. State, 817 So.2d 964 (Fla. 2d DCA 2002), compel a different result. Although the court in Hines stated that conduct that is legally insufficient to excuse a defendant’s actions may be sufficient to warrant a downward departure, the cases cited for that proposition all involved batteries or sexual batteries, offenses for which there are identifiable victims who have been harmed by such offenses. Rife, 789 So.2d 288, falls into that category as well.
Because the case law does not support extending the statutory mitigator for victim initiation to cases involving undercover drug sales, we reverse the downward departure here and remand with directions that Grant be resentenced within the guidelines.
Reversed and remanded.
WHATLEY and SALCINES, JJ., Concur.