996 So.2d 259 (2008)
Trevor Ryan STANCLIFF, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3817.
District Court of Appeal of Florida, First District.
December 16, 2008.
Ross A. Keene of Beroset & Keene, Pensacola, for Appellant.
Bill McCollum, Attorney General and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
Trevor Ryan Stancliff appeals the sentence imposed following his convictions for driving under the influence (DUI) with serious bodily injury and DUI manslaughter, see sections 316.193(3)(c) 2 and 3, Florida Statutes (2005), arguing that the trial court abused its discretion in denying his request for a downward departure from the sentencing range indicated by the Criminal Punishment Code (CPC) scoresheet. Because we lack the authority to review the sentence imposed below, we affirm.
The trial court here imposed a sentence within the CPC scoresheet sentencing range. Section 921.002(1)(h), Florida Statutes (2005), provides that "[a] sentence may be appealed on the basis that it departs from the Criminal Punishment Code only if the sentence is below the lowest permissible sentence or as enumerated in s. 924.06(1)." Under sections 924.06(1)(d) and (e), Florida Statutes (2005), a defendant is authorized to appeal an illegal sentence or a sentence imposed under section 921.0024 which exceeds the statutory maximum penalty. There is no express statutory authority under which a defendant may challenge a sentence imposed under *260 the CPC when the sentence falls within the CPC sentencing range. The courts of Florida have consistently held that the statutory scheme does not give the appellate courts the authority to review a trial court's decision to deny a request for a downward departure sentence. See Marshall v. State, 978 So.2d 279 (Fla. 4th DCA 2008) (explaining that the current statutory scheme does not give an appellate court the power to review a trial court's discretionary decision to deny a downward departure); Gisi v. State, 948 So.2d 816 (Fla. 2d DCA 2007) ("[A] decision not to depart is generally not reviewable on appeal as it is discretionary with the trial court, provided only that the statutory maximum is not exceeded."), rev. granted, 952 So.2d 1189 (Fla.2007); Wyden v. State, 958 So.2d 540 (Fla. 3d DCA 2007) ("We lack even the authority to consider the trial court's failure to downward depart.").
AFFIRMED.
KAHN and PADOVANO, JJ., concur.