CLARK, J.
 

 The defendant below appeals her convictions of both resisting an officer without violence and resisting a different officer with violence. She asserts that these convictions constitute double jeopardy and thus fundamental error. In addition, she challenges her legal, bottom-of-range guidelines sentence, imposed after the trial court denied her request for a downward departure. For the following reasons, the convictions and sentence are affirmed.
 

 After a traffic stop, Appellant was arrested and transported to the police station by Officer Michael Henagan. When Officer Henagan parked in the police station parking lot, the appellant attempted to escape on foot but was promptly apprehended by Officer Henagan and escorted to the breath test room. Once inside, the appellant refused to remain seated, struggled with Officer Steven Jones, and “stomped on” Officer Jones’ foot as she resisted his efforts to restrain her in her seat. Appellant was charged with various crimes, including resisting officer Jones with violence (Count II) and resisting Officer Henagan without violence (Count VI). She entered a plea of
 
 nolo contendere
 
 and was adjudicated guilty of all charges.
 

 Appellant’s characterization of her convictions for both resisting an officer with violence and resisting an officer without violence as double jeopardy and fundamental error must fail. Appellant’s acts resisting Officer Henagan and later, Officer Jones, were not part of a single criminal episode. “The test for determining whether two crimes occurred in the same criminal episode is whether there was a temporal break between the crimes, such that the defendant had an opportunity to pause, reflect, and form a new criminal intent.... If there was such a break, then the crimes occurred in separate criminal episodes and may be punished separately.”
 
 Beahr v. State,
 
 992 So.2d 844, 846 (Fla. 1st DCA 2008).
 

 Here, the appellant had an opportunity, after her flight in the parking lot was thwarted by Officer Henagan, to pause, reflect, and decide not to physically resist Officer Jones with violence in the breath test office. Accordingly, the crimes occurred in separate criminal episodes, the convictions were not fundamental error, and Appellant was not “twice put in jeopardy for the same offense.” Art. I, § 9, Fla. Const.
 

 Regarding the trial court’s denial of a downward departure and entry of the legal, guidelines sentence, this sentence is not subject to appeal by the defendant under section 924.06, Florida Statutes.
 
 See also,
 
 Fla. R.App. P. 9.140(b)(1). “Subdivision (b)(1) lists
 
 the only matters that may be appealed by a criminal defendant,
 
 and it is intended to supersede all other rules of practice and procedure.” Fla. R.App. P. 9.140, Comm. Notes to sub-div. (l)(b), 1977 Amdmt. (emphasis supplied). The sentences which a defendant may appeal are limited to: an illegal sentence, a sentence which exceeds the statu
 
 *231
 
 tory maximum for the offense, and as “otherwise provided by law.” § 924.06(l)(d) & (l)(e), Fla. Stat.; Fla. R.App. P. 9.140(b)(1)(E)
 
 &
 
 (b)(1)(F).
 

 This court has recognized that “[t]he courts of Florida have consistently held that the statutory scheme does not give the appellate courts the authority to review a trial court’s decision to deny a request for a downward departure sentence.”
 
 Stancliff v. State,
 
 996 So.2d 259, 260 (Fla. 1st DCA 2008);
 
 see also, Wyden v. State,
 
 958 So.2d 540 (Fla. 3d DCA 2007);
 
 Jorquera v. State,
 
 868 So.2d 1250 (Fla. 4th DCA 2004);
 
 Patterson v. State,
 
 796 So.2d 572 (Fla. 2d DCA 2001);
 
 Melton v. State,
 
 678 So.2d 434, 435 (Fla. 1st DCA 1996).
 

 The state candidly disclosed to this court the opinions in
 
 Hines v. State,
 
 817 So.2d 964 (Fla. 2d DCA 2002) and
 
 McCorvey v. State,
 
 872 So.2d 395 (Fla. 1st DCA 2004). In those cases, the appellate courts
 
 did
 
 consider defendants’ appeals of their lowest-permissible guidelines sentences, imposed after the trial courts declined to depart downward. To the extent that these opinions “otherwise provided by law” an avenue for a defendant’s appeal of a guidelines sentences, the cases are distinguishable.
 

 In both
 
 Hines
 
 and
 
 McCorvey,
 
 the trial courts assumed that under the circumstances of those cases, they were precluded as a matter of law from considering facts which might have qualified the defendants for mitigating circumstances to support downward departures. In contrast, the trial court in this case heard testimony and evaluated evidence to determine if the defense had established the mitigating factor provided in section 921.0026(2)(d), Florida Statutes. The court’s application of the statute to the facts presented was not “a misconception about its discretion in sentencing,” as was the case in both
 
 Hines
 
 and
 
 McCorvey.
 
 The guidelines sentence entered here is not subject to appeal by the appellant/defendant.
 

 AFFIRMED.
 

 VAN NORTWICK and MARSTILLER, JJ., concur.