KHOUZAM, Judge.
 

 Lisa A. Thompson appeals the summary denial of her motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Thompson pleaded guilty to conspiracy to traffic in illegal drugs (count 1), two counts of obtaining a controlled substance by fraud (counts 8 and 26), and Medicaid fraud (count 32). She was sentenced to concurrent sentences of six years’ probation (count 1) and five years’ probation (counts 8, 26, and 32) on June 25, 2004. After violating her probation, Thompson was sentenced to concurrent sentences of eighty-seven months’ incarceration on all counts. Thompson asserts that her sentences on counts 8, 26, and 32 are illegal because they exceed the five-year statutory maximum for third-degree felonies under section 775.082(3)(d), Florida Statutes (2001), and that it was improper for the trial court to round up the lowest permissible sentence reflected on her scoresheet, which was 86.1 months.
 

 When the lowest permissible sentence under the Criminal Punishment Code exceeds the statutory maximum sentence provided for by section 775.082, the sentence required by the Code must be imposed. § 921.0024(2), Fla. Stat. (2001). “The sentence required by the Code is the minimum permissible sentence and no more.”
 
 Horne v. State,
 
 6 So.3d 99, 101 (Fla. 2d DCA 2009) (emphasis omitted) (citing § 921.0024(2), Fla. Stat. (2005));
 
 see also Butler v. State,
 
 838 So.2d 554, 556 (Fla.2003) (holding that “when section 921.0024(2) applies so that the statutory maximum sentence as provided in section 775.082 ... is exceeded by the lowest permissible sentence under the [CJode, the lowest permissible sentence under the [C]ode becomes the maximum sentence which the trial judge can impose”). Thompson is therefore entitled to a reduction of her sentence on counts 8, 26, and 32 to reflect the lowest permissible sentence on her scoresheet, 86.1 months. We reverse and remand for the trial court to resentence Thompson accordingly.
 

 Reversed and remanded.
 

 CRENSHAW and BLACK, JJ., Concur.