HAZOURI, J.
Alexander Colletta appeals a final judgment and sentence of 117.45 months in the Department of Corrections (DOC) imposed after he pled guilty to thirty counts of possession of child pornography. The basis of Colletta’s appeal is that the trial court desired to impose a downward departure sentence based upon a mental health disorder but because of this court’s prior decision in State v. Gatto, 979 So.2d 1232 (Fla. 4th DCA 2008), it had no discretion to impose a downward departure sentence. We reverse.
At sentencing, the defense produced extensive evidence of Colletta’s long-standing mental illness, and argued for a sentence below the guidelines range pursuant to section 921.0026(2)(d), Florida Statutes (2009), which allows a downward departure sentence if the defendant needs specialized treatment for a mental disorder and is amenable to treatment. The statute provides in part:
(2) Mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified include, but are not limited to:
[[Image here]]
(d) The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.
§ 921.0026(2)(d), Fla. Stat. (2009).
After hearing evidence and argument and reviewing written submissions, the trial court found that Colletta suffered from a mental illness. Nonetheless, it ruled that it could not depart downward because, *1091 as argued by the state, the defense had not shown treatment was unavailable in prison:
And again, there has not been a showing or evidence elicited when we had your hearing that the Department of Corrections cannot provide psychiatric treatment for your psychotropic medications. I know they have a psychiatric hospital and unit. But without that second tier being met I cannot go below the guidelines but I will give you the minimum which is 117.45 months. That will be followed by 10 or 15 years, I’m sorry, of probation. We already told you’ll be a registered sex offender.
(Emphasis added.)
At the close of the sentencing hearing the trial judge stated:
Mr. Colletta, I hope you know I have absolutely no pleasure of sending someone your age to prison but the law requires it and that’s my job. I don’t have a choice. I really don’t.
The state asserts that this court does not have jurisdiction to entertain an appeal of the sentence where it did not exceed the limits of the sentence called for under the Criminal Punishment Code. However, this court has remanded for re-sentencing where the defendant received a legal sentence but the trial court failed to exercise the discretion it had under the statutes. See Goldwire v. State, 73 So.3d 844 (Fla. 4th DCA 2011) (remanding for resentencing where trial court was under the mistaken belief that it did not have the discretion to impose a youthful offender sentence); Washington v. State, 82 So.3d 828 (Fla. 4th DCA 2011) (remanding for resentencing where trial court believed it could not reinstate probation without grounds for downward departure).
In the instant case it appears the trial judge denied the motion for downward departure sentence because she believed, under State v. Gatto, that she had no discretion to do so. In Gatto, this court held that a trial court cannot enter a downward departure sentence if treatment for the defendant’s condition is available in DOC and that the burden to prove otherwise is upon the defendant seeking the downward departure. 979 So.2d 1232, 1233-34. Under Gatto, the trial judge made the correct ruling. However, since the sentencing and while this matter was on appeal this court in an en banc opinion receded from our holding in Gatto. See State v. Chubbuck, 83 So.3d 918 (Fla. 4th DCA 2012).
As we noted in Chubbuck, this court in Gatto supplemented the plain language of section 921.0026(2)(d) with a further requirement that the defendant must establish, by preponderance of the evidence, that the DOC cannot provide the required specialized treatment. The plain language of subsection 921.0026(2)(d) does not require the defendant to make such a showing. Id. at 921.
By requiring the defendant seeking a downward, departure from a criminal punishment code sentence to prove that the services to treat his or her medical condition are unavailable in prison, the courts have placed an additional burden on the defendant which is not required by the Legislature. In fact, nothing in the legislative history even hints that in order to justify a downward departure on this ground, services must be unavailable in prison to treat the condition.
Id. at 922.
Because Colletta preserved this issue for appeal, we reverse and remand for resen-tencing. As we explained in Chubbuck, on remand the state should have the opportunity to present evidence as to whether the DOC can provide the required “specialized treatment.” However, if the state pres *1092 ents such evidence at the new sentencing hearing, the trial court is not precluded from granting Colletta’s request for downward departure. Rather, the state’s evidence is merely an additional factor which the trial court may consider in exercising its discretion as to whether to grant Col-letta’s request for downward departure. Id. at 923.

Reversed and Remanded for new sentencing hearing.

POLEN and LEVINE, JJ., concur.