PER CURIAM.
Appellant appeals the trial court’s denial of his motion for downward departure under section 921.0026(2)(d), Florida Statutes (2012).[1] At the conclusion of appellant’s sentencing hearing, the trial court made several references to appellant not having called a witness from the Department of Corrections to testify. In State v. Chubbuck, 83 So.3d 918 (Fla. 4th DCA 2012) (en banc), we found that the plain language of section 921.0026(2)(d) does not require a defendant to prove that the Department of Corrections “cannot provide the specialized treatment required” in order for a trial court to grant a downward departure under that subsection. Id. at 921 (quoting State v. Hunter, 65 So.3d 1123, 1125 (Fla. 4th DCA 2011) (Warner, J., concurring specially)). Because appellant’s sentencing occurred before we decided Chubbuck, the trial court did not have the benefit of our decision. Accordingly, we reverse and remand for resentencing. We note the following on remand:
[T]he state should have the opportunity to present evidence as to whether the DOC can provide the required “specialized treatment.” However, if the state presents such evidence ... the trial court is not precluded from granting [appellant’s] request for downward departure. Rather, the state’s evidence is merely an additional factor which the trial court may consider in exercising its discretion as to whether to grant [appellant’s] request for downward departure.
Colletta v. State, — So.3d - (Fla. 4th DCA 2012).

Reversed and remanded for resentenc-ing.

WARNER, GERBER and LEVINE, JJ., concur.

. A "(mjitigating circumstance[ ] under which a departure from the lowest permissible sentence is reasonably justified” includes when a "defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.” § 921.0026(2)(d), Fla. Stat. (2012).