NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FREDERICK MITCHELL,               )
                                  )
            Appellant,            )
                                  )
v.                                )       Case No. 2D12-572
                                  )
STATE OF FLORIDA,                 )
                                  )
            Appellee.             )
_____   )

Opinion filed July 30, 2014.

Appeal from the Circuit Court for Polk
County; Mark H. Hofstad and Glenn T.
Shelby, Judges.

Howard L. Dimmig, II, Public Defender, and
John C. Fisher, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.


CRENSHAW, Judge.


            Frederick Mitchell was convicted of aggravated assault with a deadly

weapon and false imprisonment and sentenced to concurrent sentences of nineteen

months' prison. We affirm the convictions without comment. Because Mitchell could

not produce evidence of the Department of Correction's (DOC) inability to treat his physical condition, his request for a downward departure pursuant to section 921.0026(2)(d), Florida Statutes (2012), was denied. This was error, and we reverse and remand for resentencing.

In order to receive a downward departure sentence in cases in which "the defendant requires specialized treatment for . . . a physical disability," Florida caselaw had required a <u>defendant</u> to establish that he "required specialized treatment [which is] unavailable in the DOC." <u>State v. Chubbuck</u>, 39 Fla. L. Weekly S437, S437 (Fla. June 19, 2014) (citing § 921.0026). However, the supreme court has now held, as relevant here, that a defendant need only establish "the following three elements by a preponderance of the evidence: (1) the defendant has . . . a physical disability; (2) which requires specialized treatment; and (3) the defendant is amenable to such treatment." <u>Id.</u> at S439 (footnote omitted). "Evidence which demonstrates that the DOC can so provide [specialized treatment] is one factor for the trial court's consideration in deciding whether to give a downward departure sentence." <u>Id.</u> In this case, the circuit court ruled that it lacked a legal basis to downward depart solely because of Mitchell's failure to establish that DOC could not provide him with the treatment he needs. But this, we now know, is not the inquiry. Rather, Mitchell must merely prove, by a preponderance of the evidence, that he has a physical disability (which has not been disputed), that he needs specialized treatment (which is also undisputed), and that he is amenable to that treatment. If he does so, the court can legally entertain Mitchell's downward departure motion. In so doing, it is free to consider, as one factor, whether DOC can provide the necessary treatment. Mitchell's failure to do so is not dispositive and, of course, the

State may also provide evidence on this point.  Accordingly, upon remand, Mitchell is entitled to a new sentencing hearing in light of <u>Chubbuck</u> and consistent with this opinion.

Convictions affirmed, sentence reversed and remanded.

VILLANTI, J., and DAKAN, STEPHEN L., ASSOCIATE SENIOR JUDGE, Concur.