DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ALLISON N. NAPOLES,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D13-3895

[August 6, 2014]

Petition alleging ineffective assistance of counsel to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez and Barbara McCarthy, Judges; L.T. Case No. 07-7573 CF10A.

Jason T. Forman of Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

Napoles filed a petition alleging ineffective assistance of appellate counsel. We grant the petition and remand for resentencing.

Napoles was charged with first-degree grand theft for embezzling over a million dollars from her employer's trust account. She entered an open plea and moved for a downward departure based on several mitigating factors under section 921.0026, Florida Statutes (2007), including the need for specialized treatment for her bipolar disorder. In particular, Napoles relied on section 921.0026(2)(d), which provides that a departure is reasonably justified when the defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment.

At the hearing, Napoles and one of her physicians testified about her condition and amenability to treatment. Regarding the treatment options in prison, Napoles' physician indicated only that they were "lacking" when

compared to outside treatment and that lower quality medications were typically used.

The state relied on *Green v. State*, 971 So. 2d 146 (Fla. 4th DCA 2007), in arguing that Napoles had not established a basis for a downward departure because she had produced no evidence that out-patient therapy and medication were not available in prison to treat her condition.

The court addressed each of the grounds for mitigation that were raised in the motion. With regard to the specialized treatment issue, the court made the following statement:

> The need for treatment of mental disorder available in prison. There's nothing before this Court, that if Miss Napoles goes to Florida State Prison, that she cannot receive medication or be seen in prison if she needs to be.

It denied the motion and sentenced Napoles to ten years' imprisonment. The judgment and sentence were *per curiam* affirmed on appeal.

In her petition, Napoles argued that appellate counsel should have challenged the denial for downward departure based upon *State v. Chubbuck*, 83 So. 3d 918 (Fla. 4th DCA 2012), which was decided after her sentencing, but during the pendency of her appeal. We agree.

In *Chubbuck*, we held that the plain language of section 921.0026(2)(d) does not require a defendant to prove that the Department of Corrections "cannot provide the specialized treatment required" in order for a trial court to grant a downward departure under that subsection. *Id.* at 921. After we certified conflict with other districts, the Florida Supreme Court reviewed and approved our decision. *See State v. Chubbuck*, 39 Fla. L. Weekly S437 (Fla. June 19, 2014). In doing so, the Court noted that "[if] the Legislature intended to require unavailability of specialized treatment in the DOC as an element of subsection 921.0026(2)(d), it could have said so." *Id.* at *6. It reiterated that evidence showing that the DOC can provide the required specialized treatment is merely one factor for the court to consider in deciding whether to give a downward departure sentence. *Id.* at *7.

In this case, the lower court's discussion on this issue was scant. Nevertheless, it appears to some degree that the court believed it could not grant a departure unless Napoles proved that she could not obtain the necessary treatment in prison. Because *Chubbuck* eliminated this

requirement, the issue was meritorious and would have resulted in reversal had it been raised on appeal. *See Perez v. State*, 107 So. 3d 537 (Fla. 4th DCA 2013).

Accordingly, we grant the petition and reverse and remand for resentencing. We note the following on remand:

> [T]he state should have the opportunity to present evidence as to whether the DOC can provide the required "specialized treatment." However, if the state presents such evidence . . . the trial court is not precluded from granting [appellant's] request for downward departure. Rather, the state's evidence is merely an additional factor which the trial court may consider in exercising its discretion as to whether to grant [appellant's] request for downward departure.

*Colletta v. State*, 126 So. 3d 1090, 1091-92 (Fla. 4th DCA 2012).

WARNER, GROSS and TAYLOR, JJ., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***