PER CURIAM.
Appellant, Anthony Paul Childers, appeals his guidelines sentence of 57.6 months’ imprisonment and argues that the trial court erroneously concluded that there was no legal reason to impose a downward departure sentence. Because we are unable to discern from the record why the trial court rejected Appellant’s request for a downward departure sentence, we reverse Appellant’s sentence and remand for resentencing.
Appellant pled nolo contendere to the offense of failure of a sex offender to report or register a change in permanent or temporary address. During the sentencing hearing, Appellant’s medical records were admitted. Defense counsel described Appellant, who suffers from cirrhosis of the liver, gastrointestinal problems, and *172 internal bleeding, as being “gravely ill” and being in “very, very bad shape.” Appellant represented that he was told by his doctor that he could possibly prolong his life for five years by staying on his extensive medication regimen and eating a “good balanced diet” and that if he did not do those things, he “may make it to three [years].” Defense counsel sought a downward departure sentence in part pursuant to section 921.0026(2)(d), Florida Statutes (2013), which provides as a mitigating circumstance for a departure sentence a situation where a “defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant iá amenable to treatment.” After noting that the State was requesting a guidelines sentence, the prosecutor stated in part, “He’s absolutely correct. He’s a very, very — very, very sick man. The issue here though is what’s appropriate to do with him under the circumstances? And I’m just going to have to defer to the Court on that.” The prosecutor also stated that Appellant had “some pretty undeniable medical conditions.” After noting that it was hard to determine whether a person who fails to register as a sexual offender does so intentionally, the trial court set forth in part:
The bottom line here, it is a difficult case. I don’t think I have a legally sufficient reason to deviate. We go to judicial college, we read these statutes, we read case after case after case where it looks like, yes, you can deviate. And then, the DCA says, no, you can’t despite the plain language of what’s in the statute or the rule.
In this case, under these facts, I just don’t see that I have a legally permissible reason to downward depart from the guidelines. So, I am sympathetic to your medical condition and I do wish you the best with that, sir. I mean that sincerely.
The trial court sentenced Appellant to the minimum guidelines sentence of 57.6 months’ imprisonment. This appeal followed.
A trial court’s -decision on whether to depart from the sentencing guidelines is a two-part process. Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). A court must first determine whether “it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1).” Id. (emphasis in original). Legal grounds are set forth in case law and statute, and the facts supporting the ground must be proved by a preponderance of the evidence. Id. This aspect of a court’s decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent, substantial evidence supports its ruling. Id. Where the step one requirements are met, the trial court must determine whether “it should depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending' case.” Id. at 1068 (emphasis in original). In making this determination, a court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors. Id. The second aspect of the decision is a “judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion.” Id.
Under section 921.0026(2)(d), Florida Statutes (2013), a defendant seeking a downward departure sentence must prove by a preponderance of the evidence that he or she has a mental disorder unrelated to substance abuse or addiction or a physical disability for which he or she needs specialized treatment and that he or *173 she is amenable to such treatment. See State v. Chubbuck, 141 So.3d 1163, 1171 (Fla.2014); Mitchell v. State, 147 So.3d 93, 94-95 (Fla. 2d DCA 2014). A defendant need not prove that the required specialized treatment is unavailable in the Department of Corrections. Chubbuck, 141 So.3d at 1171.
Appellant argues on appeal that the trial court failed to reach the issue of whether he presented sufficient evidence to support a downward departure sentence under section 921.0026(2)(d) based upon the court’s erroneous conclusion that it did not “think” that it had a “legally sufficient reason to deviate.” The State argues that the trial court’s ruling that a balanced diet and taking the proper medication did not qualify as specialized treatment cannot be considered an abuse of discretion. However, as Appellant points out, the trial court made no such express finding. Instead, the court stated, “We go to judicial college, we read these statutes, we read case after case after case where it looks like, yes, you can deviate. And then, the DCA says, no, you can’t despite the plain language of what’s in the statute or the rule.” While noting how sympathetic it was to Appellant’s medical condition, the court then stated that under the facts of the case, it “just [did not] see that [it had] a legally permissible reason to downward depart.” Although this latter statement provides an indication that the court found that Appellant' failed to present sufficient evidence of the necessary elements under section 921.0026(2)(d), we cannot say for certain based upon the court’s other statements and the fact that the State acknowledged Appellant’s “pretty undeniable medical conditions.” It is unclear whether the trial court rejected Appellant’s request for a downward departure sentence based upon a misconception as to its authority to depart under the plain language of section 921.0026(2)(d) or based upon a finding that Appellant failed to present sufficient evidence to support a departure sentence under the statute.
In a recent case, the Second District reversed the appellant’s sentences and remanded for resentencing based upon its determination that it was unclear why the trial court ruled that it had no authority to grant a downward departure. See Camacho v. State, 164 So.3d 45, 48 (Fla. 2d DCA 2015) (noting that the trial court announced that it did not “ ‘think, legally’ ” that the appellant “ ‘[m]et the criteria laid out in the statutes’” and that it did not “ ‘think’ ” that the appellant was “ ‘mitigation eligible’ ”). For the reasons stated herein, we think the same disposition is appropriate in this case. Accordingly, we reverse Appellant’s sentence and remand for resentencing. See McCorvey v. State, 872 So.2d 395, 395-96 (Fla. 1st DCA 2004) (concluding that the trial court sentenced the appellant under a misconception about its discretion in sentencing and reversing the appellant’s sentence and remanding for the trial court to reconsider the sentence in light of its discretion to depart if the facts warranted); Hines v. State, 817 So.2d 964, 965-66 (Fla. 2d DCA 2002) (noting that the trial court’s statements showed the court incorrectly believed that it could not depart downward based upon the jury’s interpretation of the appellant’s conduct and reversing the appellant’s sentence and remanding for the trial court to reconsider the sentence in light of its discretion to depart if the facts warranted).[1] *174 If the trial court determines on remand that Appellant proved the elements of section 921.0026(2)(d) by a preponderance of the evidence, it must then determine whether it should depart or, in other words, whether departure is.the best sentencing option for Appellant. See Banks, 732 So.2d at 1068.
REVERSED and REMANDED for re-sentencing.
ROBERTS, C.J., BENTON and LEWIS, JJ., concur.

. We acknowledge our prior holding that a guidelines sentence is not subject to appeal by the appellant/defendant where a trial court denies his or her request for a downward departure. See Patrizi v. State, 31 So.3d 229, 230-31 (Fla. 1st DCA 2010). In Patrizi, we distinguished Hines and McCorvey on the basis that in the case before us, the “court’s *174 application of the statute to the facts presented was not 'a misconception about its discretion in sentencing,' as was the case in both Hines and McCorvey.” Id. We find that this case is also distinguishable from Patrizi.