IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIAM LEE RUDD,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5776

Opinion filed October 26, 2015.

An appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

Clifford L. Davis, Monticello, for Appellant.

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Assistant Attorney General, and Giselle D. Lylen, Assistant Attorney General, Tallahassee, for Appellee.

BENTON, J.

    William Lee Rudd appeals the trial court's revocation of community control,

and its imposition of a 171-month prison sentence. We reject appellant's contentions

that the evidence he violated a condition of his community control was insufficient to justify revocation, and that his sentence constitutes cruel and unusual punishment. We write only to address the trial court's stated belief that it lacked the discretion to impose any downward departure sentence other than the statutory maximum—discretion it in fact had if it decided grounds to impose a downward departure sentence existed.

Following revocation of community control, the defense requested a downward departure based on appellant's "extreme heart condition." Mr. Rudd's wife testified he had suffered nine heart attacks and could not be left alone. Defense counsel argued that the Department of Corrections could not "properly address[]" Mr. Rudd's heart condition and that incarceration "would endanger his health."

While acknowledging prior downward departure sentences for Mr. Rudd could have "had something to do with his medical condition," the state argued that the trial court should not again depart downward. In pronouncing sentence, the trial court stated:

> All right. Mr. Rudd, you didn't give me a whole lot of wiggle room, frankly. <u>The guidelines sentence is more than I would prefer to impose, but we tried supervision twice and frankly you messed it up</u>. You violated the single most important part of the supervision restrictions against you, the one thing that most frightens us all, and knowingly did that.
> Frankly, I hate saddling the Department of Corrections with you for 14 years, but I don't really see any legal way out of it. <u>If I go below the guidelines, my</u>

2

> understanding of the law is I can only give you the
> maximum penalty of statut[e], which would be five years,
> which I don't think is enough.
>
> Based upon my findings, I do find that you violated
> your supervision, community control and probation. I
> sentence you to 171 months Department of Corrections . .
> . .

At the time, defense counsel did not take issue with the trial court's rationale for denying his request for a downward departure. Preservation issues may well explain why the point was not argued on appeal.

Absent a downward departure, appellant's lowest permissible sentence under the Criminal Punishment Code (CPC) was 171 months (14.25 years), even though this exceeded the five-year statutory maximum for the underlying offense—failure of a sex offender to report a change in address. "If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed.[1]" § 921.0024(2), Fla. Stat. (2013). Accordingly, 171 months was "[t]he lowest permissible sentence . . . [that could] be imposed by the trial court, absent a valid reason for departure." Id.

---

[1] "'The sentence required by the Code is the minimum permissible sentence and no more.'" Thompson v. State, 79 So. 3d 208, 208 (Fla. 2d DCA 2012) (quoting Horne v. State, 6 So. 3d 99, 101 (Fla. 2d DCA 2009), and citing Butler v. State, 838 So. 2d 554, 556 (Fla. 2003) (holding that "when section 921.0024(2) applies so that the statutory maximum sentence as provided in section 775.082, Florida Statutes . . . is exceeded by the lowest permissible sentence under the code, the lowest permissible sentence under the code becomes the maximum sentence which the trial judge can impose")).

3

(emphasis added). A defendant's need for (and amenability to) specialized treatment of a physical disability is a valid reason for departure. § 921.0026(2)(d), Fla. Stat. (2013); see Childers v. State, 171 So. 3d 170, 171–72 (Fla. 1st DCA 2015) (explaining that defense counsel sought a downward departure under § 921.0026(2)(d), based on the defendant's "cirrhosis of the liver, gastrointestinal problems, and internal bleeding," and noting that the state acknowledged defendant had "'some pretty undeniable medical conditions'").

Declaring that "[t]he guidelines sentence [wa]s more than [it] would prefer to impose," the trial court in the present case nevertheless imposed the guidelines sentence, stating that, if the court went "below the guidelines," it could impose only the five-year "maximum penalty of statut[e]," which it believed to be insufficient. Neither the CPC nor case law provides, however, that the statutory maximum sentence becomes the only downward departure sentence available whenever the lowest permissible guidelines sentence exceeds the statutory maximum. See generally § 921.0024, Fla. Stat.

Assuming a legal basis to depart downward supported by the evidence, the trial court had the discretion to sentence Mr. Rudd to any term less than 14.25 years (the lowest permissible guidelines sentence and thus the actual maximum), including a sentence of less than five years (the statutory maximum). See generally Childers, 171 So. 3d at 172 (explaining the two-part process for trial courts in determining

4

whether to depart downward from the sentencing guidelines). Initially placing Mr. Rudd on probation in the case—notwithstanding the fact that his lowest permissible guidelines sentence at the time was 162 months in prison—is an example of a downward departure sentence other than the statutory maximum. [2]

It is not at all clear the trial court would have imposed a 171-month sentence had it exercised the full discretion in sentencing appellant that the law actually allows. Indeed, the record suggests otherwise. If the issue had been properly presented and preserved, Mr. Rudd would be entitled to be resentenced. See Childers, 171 So. 3d at 173–74; Camacho v. State, 164 So. 3d 45, 48 (Fla. 2d DCA 2015). Although the failure of a trial court to depart downward may not ordinarily be appealed, see Stancliff v. State, 996 So. 2d 259, 259–60 (Fla. 1st DCA 2008), appellate courts have "remanded for resentencing where the defendant received a legal sentence but the trial court failed to exercise the discretion it had under the statutes." Colletta v. State, 126 So. 3d 1090, 1091 (Fla. 4th DCA 2012) (remanding for resentencing where trial court incorrectly ruled it had no discretion to impose a downward departure sentence when a defendant with a mental disorder failed to establish that DOC could not provide the required specialized

---

[2] We note that, although not raised by the defense below, "the State's prior agreement to a downward departure [can] be a valid reason for a subsequent downward departure at the revocation sentencing." Franquiz v. State, 682 So. 2d 536, 538 (Fla. 1996).

treatment); see <u>Childers</u>, 171 So. 3d at 173 n.1, 173–74; <u>see also</u> <u>Camacho</u>, 164 So. 3d at 48 (remanding for resentencing because the district court was "unable to determine from the record whether the circuit court would have imposed the same sentence if it had understood that it had authority to depart").

Following issuance of the mandate in this case, the trial court may wish to take these circumstances into account in the event a motion to reduce Mr. Rudd's sentence is filed. <u>See</u> Fla. R. Crim. P. 3.800(c) (providing "[a] court may reduce . . . a legal sentence imposed by it, sua sponte, or upon motion filed, within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal").

Affirmed.

WOLF and MAKAR, JJ., CONCUR.