NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARK WILLIS MASON,                     )
                                       )
            Appellant,                 )
                                       )
v.                                     )          Case No. 2D14-5846
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
                                       )
_____)

Opinion filed September 9, 2016.

Appeal from the Circuit Court for
Hillsborough County; Ronald H. Ficarrotta,
Judge.

Howard L. Dimmig, II, Public Defender, and
Victoria Hatfield, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa,
for Appellee.


LUCAS, Judge.

            A jury found Mark Mason guilty of six counts of attempted second-degree

murder for firing several rounds from an AK-47 rifle into the McKenzie's Sports Tavern

in Tampa.  At sentencing, the State and Mr. Mason agreed that each count carried a

twenty-year minimum term of imprisonment under section 775.087(2)(a)(2), Florida Statutes (2012), but the parties disagreed as to whether the circuit court had the discretion to sentence Mr. Mason to concurrent prison terms for each of the counts under section 775.087(2)(d).  Subsection (2)(d) reads, in relevant part:  "The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment for any other felony offense."  After hearing argument from both sides, the trial court concluded that the language of section (2)(d) was mandatory because Mr. Mason had been convicted of multiple qualifying felonies and that the court had no discretion but to sentence Mr. Mason to six consecutive sentences.

Following Mr. Mason's sentencing, the Florida Supreme Court issued its opinion in Williams v. State, 186 So. 3d 989, 992 (Fla. 2016), in which the court explained that section 775.087(2)(d) only mandates consecutive sentencing where the defendant commits both a qualifying felony under section 775.087(2)(a) and a nonqualifying felony under a separate statute in the same criminal episode.  According to Williams, if a defendant is convicted of contemporaneous offenses that all arise under section 775.087(2)(a), a trial court is not required to impose the sentences consecutively.  Id. ("Nothing within paragraph (2)(d)'s plain language also requires . . . a qualifying felony sentence to run consecutively to another qualifying felony sentence.").  Construing the statute in this manner, the supreme court recognized that if "multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is *permissible* but *not mandatory*."  Id. at 993 (emphasis added).

Here, each of Mr. Mason's convictions for second-degree murder was a qualifying offense under section 775.087(2)(a)(2), and therefore, under Williams, the trial court had discretion to impose the sentences consecutively or concurrently. When a trial court labors under the mistaken impression that it cannot exercise its discretion at sentencing, the appellant is entitled to be resentenced. See, e.g., Kelly v. State, 727 So. 2d 1084, 1085 (Fla. 2d DCA 1999); Rudd v. State, 177 So. 3d 1015, 1017-18 (Fla. 1st DCA 2015); Colletta v. State, 126 So. 3d 1090, 1091 (Fla. 4th DCA 2012). The trial court did not have the benefit of Williams at the time of Mr. Mason's sentencing, and so we are compelled to reverse and remand for resentencing in accordance with this opinion. We affirm Mr. Mason's convictions without further comment.

Affirmed in part, reversed in part, and remanded with instructions.


KHOUZAM and SALARIO, JJ., Concur.