TAYLOR, J.
Defendant Joron John appeals his convictions and sentences for two counts of attempted second-degree murder and one count of shooting at or into an occupied vehicle. We affirm the defendant’s convictions but reverse and remand for resen-tencing in light of the Florida Supreme Court’s recent decision in Williams v. State, 186 So.3d 989 (Fla.2016).
The defendant was charged by information with two counts of attempted first-degree murder and one count of shooting at or into an occupied vehicle. Witnesses testified at trial that the defendant pursued two men who had repossessed and loaded his vehicle onto a tow truck and then shot at them and their tow truck. The jury found the defendant guilty of two counts of attempted second-degree murder and that he actually possessed and discharged a firearm. Each count carried a mandatory minimum sentence of twenty years. The jury also found defendant guilty of shooting at or into an occupied vehicle.
At sentencing, the trial court imposed two twenty-year prison terms for the attempted second-degree murder charges, to run consecutively. The trial court stated that it was required by prevailing case law to impose the twenty-year mandatory minimum sentences consecutively. Indeed, at the time of sentencing, the trial court was bound by our decision in Williams u State, 125 So.3d 879 (Fla. 4th DCA 2013), where we held that consecutive sentences were required under the 10-20-Life statute for multiple firearm offenses, even though the offenses arose out of one criminal episode.
The defendant appealed his consecutive minimum mandatory twenty-year sentences. While his appeal was pending, the Florida Supreme Court quashed our decision in Williams and held that when “multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory.” 186 So.3d at 993. Thus, whether to impose sentences arising from the same criminal episode consecutively or concurrently is a sentencing decision within the trial court’s discretion. Id.
Here, at the time of sentencing, the trial court did not have the benefit of the Florida Supreme Court’s Williams decision and believed it lacked discretion to impose concurrent mandatory minimum sentences. The defendant is thus entitled to be resen-tenced consistent with the Florida Supreme Court’s holding in Williams. See Colletta v. State, 126 So.3d 1090 (Fla. 4th DCA 2012) (reversing for resentencing where the trial court erroneously believed it lacked sentencing discretion).

Affirmed in part, Reversed in part, and Remanded.

FORST and KLINGENSMITH, JJ., concur.