Klingensmith, J.
Appellant Christopher Desilien appeals his convictions and sentences for two counts of first-degree murder with a firearm (counts I and II), one count of attempted second-degree murder with a firearm (count IV), one count of robbery with a firearm (count V), and one count of shooting into an occupied vehicle (count VI). Appellant claims the trial court erred by failing to give an independent act jury instruction. We affirm on that issue without comment, and thus affirm appellant’s convictions. However, we reverse and remand for resentencing because of the Florida Supreme Court’s recent decision in Williams v. State, 186 So.3d 989 (Fla. 2016).
At appellant’s sentencing, the State argued that count II should run consecutively to count I, count IV should run consecutively to count II, and count V should run consecutively to count IV. The State’s argument was based on our decision in Williams v. State, 125 So.3d 879, 880 (Fla. 4th DCA 2013), in which we held that consecutive sentences were required under the 10-20-Life statute for multiple firearm offenses arising from the same criminal episode. Agreeing with the State, the trial court opined that it “appeared” that this court held in Williams that consecutive sentences were mandatory, and in response, appellant’s counsel conceded “[t]hat’s the way it appears to be.” The trial court then ordered count II (life sentence) to run consecutively with count I (life sentence), count IV (life sentence) to run consecutively to count II, and count V (life sentence) to run consecutively to count IV.[1]
*438 While appellant’s appeal was pending, the Florida Supreme Court quashed our decision in Williams and held that when “multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory.” 186 So.3d at 993. Therefore, because the record indicates the possibility that the trial court may not have imposed consecutive sentences if it had the benefit of the Florida Supreme Court’s decision in Williams, appellant is entitled to be resentenced accordingly. See John v. State, 205 So.3d 849, 850 (Fla. 4th DCA 2016) (reversing and remanding for resentencing because “at the time of sentencing, the trial court did not have the benefit of the Florida Supreme Court’s Williams decision and believed it lacked discretion to impose concurrent mandatory minimum sentences”).

Affirmed in part, Reversed in part, and Remanded.

Damoorgian and Gerber, JJ., concur.

. On count VI, the court sentenced appellant to 15 years in prison to run concurrent with count I.