NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TERRY LAMAR JAMES, JR.,            )
DOC #R75570,                       )
                                   )
            Appellant,             )
                                   )
v.                                 )
                                   )   Case No.  2D15-4793
STATE OF FLORIDA,                  )
                                   )
            Appellee.              )
_____     )

Opinion filed April 18, 2018.

Appeal from the Circuit Court for Pinellas
County; Philip J. Federico, Judge.

Howard L. Dimmig, II, Public Defender, and
Tosha Cohen, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.

        Terry Lamar James, Jr., challenges his conviction and sentence for

aggravated assault on a law enforcement officer with the use of a firearm.  James was

convicted following a jury trial, and the trial court sentenced him pursuant to section

775.087, Florida Statutes (2012),[1] to a mandatory minimum term of twenty years to be served consecutively to sentences imposed on other offenses for which James was tried separately. We affirm James' conviction without comment. However, we must reverse James' sentence because the trial court mistakenly believed that it had no discretion in imposing the twenty-year mandatory minimum term consecutively to James' other sentences. The State concedes the error.

At the time of the offense, officers were attempting to arrest James for multiple robberies that had taken place the day before. During one of those robberies, the gun used in the instant offense was stolen. At sentencing, the trial court stated as follows:

> <u>I think the law requires me to give a consecutive sentence based on my reading of the statute</u>. So, that's what I'm following in this situation. It would be a tougher call given the length of the sentences he has already had and his age as to whether if I had discretion I would impose it consecutive or not, but I think [the prosecutor] is correct; based on the language of that statute it's pretty clear.
>
> While that's a creative argument and credit to [defense counsel] for coming up with it that it's part of one, one criminal sequence. I think it was separated by a day, right, if I'm remembering correctly?

(Emphasis added.) However, the Florida Supreme Court has held that

> controlling precedent establishes the following points of law for purposes of sentencing under the current 10-20-Life statute. Generally, consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged. It follows, therefore, that a trial court must impose the mandatory minimum sentences concurrently under such circumstances.

---

[1]Section 775.087 is commonly referred to as the 10-20-Life statute.

> If, however, multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then <u>consecutive sentencing is permissible but not mandatory</u>. In other words, <u>a trial judge has discretion to order the mandatory minimum sentences to run consecutively, but may impose the sentences concurrently</u>.

<u>Williams v. State</u>, 186 So. 3d 989, 993 (Fla. 2016) (emphasis added) (citations omitted).

Here, it is clear from the record that the trial court believed that consecutive sentencing was mandatory rather than permissible. Accordingly, we must reverse James' sentence and remand for resentencing. <u>See</u> <u>Mason v. State</u>, 210 So. 3d 120, 121 (Fla. 2d DCA 2016) ("When a trial court labors under the mistaken impression that it cannot exercise its discretion at sentencing, the appellant is entitled to be resentenced.").

Affirmed in part, reversed in part, and remanded.

CASANUEVA and LUCAS, JJ., Concur.