IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CRAIG EUGENE EDWARDS,

   Appellant,

 v.            Case No.  5D17-1846

STATE OF FLORIDA,

   Appellee.

_____/

Opinion filed July 27, 2018

Appeal from the Circuit Court
for Orange County,
Marc L. Lubet, Judge.

James S. Purdy, Public Defender, and
Kathryn Rollison Radtke, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, C.J.

  Craig Edwards appeals two of his consecutively imposed minimum mandatory sentences. We affirm.

  Edwards was sentenced for several crimes committed when he was sixteen years of age. Two of the charges of which he was convicted were attempted felony murder with a firearm (count 3) and robbery with a firearm (count 4). The trial court originally

sentenced Edwards to life in prison for counts 3 and 4, which included minimum mandatory sentences per count imposed consecutively.

Edwards subsequently obtained an evidentiary hearing for reevaluation of his sentences based on Graham v. Florida, 560 U.S. 48 (2010).[1] At that hearing, the trial court analyzed section 775.087, Florida Statutes (2017), under which Edwards was sentenced, then stated, "unfortunately, the statute requires consecutive time, consecutive min-man time" for counts 3 and 4. The court resentenced Edwards to concurrently serve 45 years on counts 3 and 4, but re-imposed the minimum mandatory sentences on the counts consecutively.

Edwards then filed a motion to correct sentencing error, arguing in part that under Williams v. State, 186 So. 3d 989 (Fla. 2016),[2] "[c]onsecutive sentencing is not mandatory under [section 775.087] under these circumstances and the Court has the discretion to run counts 3 and 4 concurrently." The court entered an order reiterating that the minimum mandatory sentences were to run consecutively.[3]

Edwards filed a motion for rehearing, again calling the court's attention to Williams. Regarding the consecutively imposed minimum mandatory sentences, the court stated,

---

[1] See Graham v. Florida, 560 U.S. 48 (2010) (holding that the Eighth Amendment prohibits courts from imposing a life without parole sentence on a juvenile nonhomicide offender; thus, states must give juvenile nonhomicide offenders sentenced to life without parole a meaningful opportunity to obtain release).

[2] See Williams v. State, 186 So. 3d 989 (Fla. 2016) (holding that section 775.087 permits but does not require consecutive minimum mandatory terms of imprisonment for multiple firearm offenses committed contemporaneously).

[3] Edwards also argued in his motion to correct sentencing error that the trial court improperly subjected his sentences to a judicial review in 25 years instead of 20 years under section 941.1402, Florida Statutes (2017). The trial court correctly granted that portion of the motion.

2

"Counts 3 and 4 of this case each have a 20-year minimum mandatory, which the Court is imposing consecutive to each other for a total of 40 years. That ruling was not a scrivener's error and Defendant has not argued or proven that the statute does not permit it."

Where the record indicates that a trial court believed that consecutive minimum mandatory sentences were required rather than permissible under section 775.087, reversal for resentencing is required. See James v. State, 43 Fla. L. Weekly D816 (Fla. 2d DCA Apr. 18, 2018); Mason v. State, 210 So. 3d 120, 121 (Fla. 2d DCA 2016). It is clear that at Edwards's initial resentencing, the trial court believed that it was required to impose the minimum mandatory sentences consecutively. However, Edwards presented Williams to the court in both his motion to correct sentencing error and motion for rehearing. The court's order on rehearing stating that the imposition of consecutive minimum mandatory sentences was not a scrivener's error and that the sentence imposed was one permitted by statute, in conjunction with the fact that the court had specifically been provided Williams twice, persuades us that the court was aware of its discretion to impose the sentences concurrently, and instead chose to re-impose the sentences consecutively. Accordingly, we affirm.

AFFIRMED.

PALMER and ORFINGER, JJ., concur.