DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSHUA NEAL LEVINE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0863

[January 7, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott I. Suskauer, Judge; L.T. Case No. 502020CF010283A.

Daniel Eisinger, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Joshua Neal Levine appeals his conviction and sentence for unlawful possession of burglary tools and five counts of dealing in stolen property. In a related appeal, case number 4D2024-0017, addressed in a separate opinion also issued today, Levine appeals the denial of his motion to suppress and the entry of two duplicative orders assessing costs. In this appeal, Levine raises several issues. We affirm in part the issues raised in this appeal without comment. But we agree with Levine that the circuit court erred when it concluded it lacked the authority to grant a motion for downward departure and when it denied his motion to correct a scoresheet error. We also reverse the four costs orders at issue in this appeal and remand for clarification to allow the circuit court to confirm it is not impermissibly imposing the same costs multiple times.

On the first issue, Levine argues the circuit court erred when it denied his motion for downward departure. "A defendant may not appeal from an order denying a downward departure motion unless the defendant alleges that the trial court misunderstood its discretion or that the [trial] court

had a blanket policy to refuse to exercise that discretion." *Holton v. State*, 318 So. 3d 654, 657 (Fla. 1st DCA 2021) (citations omitted). Levine's allegations satisfy this requirement.

Section 921.0024(2), Florida Statutes (2023), provides that if the lowest permissible sentence under the Criminal Punishment Code exceeds the statutory maximum, the CPC sentence must be imposed unless the trial court finds a valid reason for downward departure. § 921.0024(2), Fla. Stat. (2023). The state concedes and the record confirms that the circuit court found a valid statutory ground for departure under section 921.0026(2)(d), Florida Statutes (2023), and that competent, substantial evidence supported that finding.

The circuit court found a valid basis to depart below the minimum sentence under the CPC and also stated it wanted to impose a lesser sentence. But the circuit court misunderstood its authority to impose a sentence below the minimum sentence allowed by the CPC, as the circuit court did in *Rudd v. State*, 177 So. 3d 1015, 1016 (Fla. 1st DCA 2015). In *Rudd*, the court explained that "neither the CPC nor case law provides, however, that the statutory maximum sentence becomes the only downward departure sentence available whenever the lowest permissible guidelines sentence exceeds the statutory maximum."

We agree with Levine and the state concedes that the circuit court misunderstood its discretion. As a result, we remand to allow the circuit court to reconsider its sentencing decision.

Next, Levine argues the circuit court erred when it failed to correct errors on his scoresheet. He challenges the inclusion of prior convictions. When a defendant challenges the existence of prior convictions used for scoring, the state bears the burden to produce corroborating evidence. *See, e.g.*, *Morgan v. State*, 550 So. 2d 151, 153 (Fla. 3d DCA 1989). The state failed to present evidence of those convictions. Here, the circuit court imposed the lowest permissible sentence based on the allegedly erroneous score sheet. The removal of any convictions improperly included would reduce the lowest permissible sentence. As a result, we reverse. On remand, the circuit court should require the state to present competent evidence substantiating the disputed burglary and grand theft convictions before recalculating the scoresheet.

Finally, Levine appeals the circuit court's four orders assessing costs. It is true that the third of those orders is labeled "amended," but the fourth is not and does not indicate it is vacating or superseding the earlier orders.

2

As a result, we remand to the circuit court to clarify whether the subsequent orders intended to supersede each of the prior orders.

*Affirmed in part, reversed in part, and remanded.*

KUNTZ, C.J., MAY, J., and METZGER, ELIZABETH, Associate Judge, concur.

\*     \*     \*

***Not final until disposition of timely-filed motion for rehearing.***